# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

_____

CLYDE GERBRICK,

                                        Plaintiff,

                                                        DECISION AND ORDER

                        -vs-

                                                        14-CV-6025-CJS
DR. BEN OAKES,

                                        Defendant.

_____

## APPEARANCES

For Plaintiff:                          Clyde Gerbrick 13-B-0302
                                        Southport Correctional Facility
                                        Box 2000
                                        Pine City, NY 14871-2000

For Defendant:                          Bernard F. Sheehan, A.A.G.
                                        NY State Attorney General's Office
                                        144 Exchange Boulevard, Suite 200
                                        Rochester, NY 14614

## INTRODUCTION

**Siragusa, J.** This prisoner civil rights case is before the Court on a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5), or in the alternative, for summary judgment, pursuant to Rule 56. The motion was filed on July 21, 2014, by defendant Dr. Ben Oakes, ECF No. 12. Included in the motion papers was a detailed *Irby*[1] notice directing plaintiff Clyde Gerbrick ("Gerbrick") to respond to the motion, and a certificate of service showing that the motion papers were sent to Gerbrick both at Sullivan Correctional Facility, and at Southport Correctional Facility ("Southport"). The Court is-

---

[1] *See Irby v. New York City Transit Authority*, 262 F.3d 412, 414 (2d Cir. 2001) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280–81 (2d Cir. 1999)) ("'[A] district court need not advise a *pro se* litigant as to the nature of summary judgment where an opposing party has already provided the litigant with the requisite notice....'").

sued an Order directing Gerbrick's to file his response by August 25, 2014. To date, Gerbrick has not responded, and the Court has not received any notice that its Order was undeliverable to Gerbrick at the address he had provided to the Court. For the reasons stated below, the Court grants the unopposed application and grants summary judgment to Dr. Oakes.

## FACTUAL BACKGROUND

Gerbrick filed an amended complaint on April 2, 2014, after the Court administratively terminated this action in January 2014 as a result of his failure to submit an *in forma pauperis* application that included a completed and signed prison certification. In the amended complaint, ECF No. 7, Gerbrick that while at Southport, on December 15, 2013, he was assaulted and suffered two broken bones. He claims that he was seen by Dr. Oakes, but that the doctor failed to treat him for broken bones.

In his motion papers, Dr. Oakes included the following statement, as required by local rule:

RULE 56.2 NOTICE TO PRO SE LITIGANTS OPPOSING SUMMARY JUDGMENT

Any party moving for summary judgment against a party proceeding pro se shall serve and file as a separate document, together with the papers in support of the motion, a "Notice to Pro Se Litigant Opposing Motion For Summary Judgment: in the form indicated below. Where the pro se party is not the plaintiff, the movant shall amend the form notice as necessary to reflect that fact.

Notice to Pro Se Litigant Opposing Motion For Summary Judgment

Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION by filing his/her own sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that

would be admissible in evidence at trial.

In short, Rule 56 provides that plaintiff may NOT oppose summary judg-
ment simply by relying upon the allegations in the complaint. Rather, plain-
tiff must submit evidence, such as witness statements or documents coun-
tering the facts asserted by the defendant and raising issues of fact for tri-
al. Any witness statements which may include plaintiff's own statements,
must be in the form of affidavits. Plaintiff may file and serve affidavits that
were prepared specifically in response to defendant's motion for summary
judgment.

Any issue of fact that plaintiff wishes to raise in opposition to the motion
for summary judgment must be supported by affidavits or by other docu-
mentary evidence contradicting the facts asserted by defendant. If plaintiff
does not respond to the motion for summary judgment on time with affida-
vits or documentary evidence contradicting the facts asserted by defend-
ant, the Court may accept defendant's factual assertions as true. Judg-
ment may then be entered in defendant's favor without a trial.

Pursuant to Rule 7.1(e) and 56.1 of the Local Rules of Civil Procedure for
the Western District of New York, plaintiff is required to file and serve the
following papers in opposition to the motion: (1) a memorandum of law
containing relevant factual and legal argument; (2) one or more affidavits
in opposition to the motion; and (3) a separate, short, and concise state-
ment of the material facts as to which plaintiff contends there exists a
genuine issue to be tried followed by citation to admissible evidence. In
the absence of such a statement by plaintiff, all material facts set forth in
defendant's statement of material facts not in dispute will be deemed ad-
mitted. A copy of the Local Rules to which reference has been made may
be obtained from the Clerk's Office of the Court.

If plaintiff has any questions, he/she may direct them to the Pro Se Office.

Plaintiff must file and serve any supplemental affidavits or materials in op-
position to defendant's motion no later than the date they are due as pro-
vided in Rule 56.1(e) of the Local Rules of Civil Procedure for the Western
District of New York.

Notice to Pro Se Litigant Opposing Motion for Summary Judgment, Jul. 21, 2014, ECF

No. 12-1.

Dr. Oakes also filed a statement of facts pursuant to Western District of New

York Local Rule of Civil Procedure 56(a)(1). Because Gerbrick has not contested Dr.

Oakes statement, the Court adopts it in its entirety. L.R. 56(a)(2) ("Each numbered par-

agraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement.") Dr. Oakes' Rule 56 statement provides as follows:

1. Defendant Benjamin Oakes, RPA-C, is a registered and certified physician's assistant, licensed to practice as a physician's assistant in New York State. Declaration of Benjamin Oakes, RPA-C, dated July 18, 2014 ("Oakes Decl.") ¶ 2.

2. Defendant Oakes has been employed as physician's assistant by New York State Department of Corrections and Community Supervision ("DOCCS") for the past 7 years. Oakes Decl. ¶ 4.

3. During the relevant period, defendant Oakes was a physician's assistant assigned to Southport Correctional Facility. Oakes Decl. ¶ 5.

4. Mr. Gerbrick, who is the plaintiff in this matter, was an inmate at Southport during the relevant time. Oakes Decl. ¶ 6.

5. Plaintiff is currently housed at Sullivan Correctional Facility. Oakes Decl. ¶ 7.

6. Plaintiff claims that Oakes saw plaintiff on December 15, 2013 after plaintiff had been assaulted in A Block. Oakes Decl. ¶ 8; Docket No. 7 (Amended Complaint) at 5.

7. Plaintiff claims that he had two broken bones, but Oakes did not send him to a hospital or give him proper medical treatment. Oakes Decl. ¶ 9; Docket No. 7 (Amended Complaint) at 5.

8. Plaintiff claims that Oakes did not examine the two broken bones and that Oakes said "it was okay" and gave plaintiff Tylenol for the pain. Oakes Decl. ¶ 10; Docket No. 7 (Amended Complaint) at 5.

9. None of these claims are true. Oakes Decl. ¶ 11.

10. Oakes did not see, examine or treat plaintiff for any medical complaints during the month of December 2013. Oakes Decl. ¶ 12.

11. And there is no evidence in the medical records that plaintiff had any broken bones at any time during December 2013. Oakes Decl. ¶ 13.

12. Oakes never denied plaintiff medical treatment. Oakes Decl. ¶ 14.

13. Oakes always made every effort to properly address and treat any medical complaints that plaintiff raised while he was at Southport. Oakes Decl. ¶ 15.

14. Attached as Exhibit A to the declaration of Benjamin Oakes RPA-C are true and correct copies of plaintiff's medical records, including ambulatory health records. Oakes Decl. ¶ 16.

15. The pages of Exhibit A have been labeled as pages 1 to 27 in the lower right corner for ease of reference.[2]

16. In December 2013, plaintiff was housed at Southport Correctional Facility. Exhibit A at 23; Oakes Decl. ¶ 18.

17. During December 2013, plaintiff presented several medical complaints to the medical staff at Southport. Exhibit A at 15-23; Oakes Decl. ¶ 19.

18. None of these complaints, however, were about broken bones. Exhibit A at 15-23; Oakes Decl. ¶ 20.

19. Oakes did not see, examine, or treat plaintiff for any medical complaints on December 15, 2013. Exhibit A at 19; Oakes Decl. ¶ 21.

20. Nurse Fuller saw plaintiff on December 15, 2013 during morning sick call. Exhibit A at 19; Oakes Decl. ¶ 22.

21. At that time, plaintiff complained of dry skin and cracks on his nose. Exhibit A at 19; Oakes Decl. ¶ 23.

22. Nurse Fuller recommended Vitamin E cream, which Dr. Canfield approved. Exhibit A at 19; Oakes Decl. ¶ 24.

23. Plaintiff did not complain of broken bones on December 15, 2013. Exhibit A at 19; Oakes Decl. ¶ 25.

24. Oakes did not see plaintiff for medical issues from December 1, 2013 to January 16, 2014. Exhibit A at 11-23; Oakes Decl. ¶ 26.

25. Oakes did see plaintiff for medical issues on January 17, 2014. Exhibit A at 11-12; Oakes Decl. ¶ 27.

26. At that time, plaintiff wanted two skin tags removed from the back of his head. Exhibit A at 11-12; Oakes Decl. ¶ 28.

---

[2] Pursuant to Fed. R. Civ. P. 5.2, Local Rule 5.3, and the Court's stated preference that court documents be publicly available, the medical records in Exhibit A attached to the Declaration of Benjamin Oakes RPA-C, have been filed in redacted form. Protected information, such as birth month and birth day, has been redacted. Plaintiff's counsel will maintain an un-redacted version of Exhibit A for future reference.

27. After Oakes explained the risks and benefits of this surgery to plaintiff, plaintiff consented, and Oakes performed the surgery, which plaintiff tolerated well. Exhibit A at 11; Oakes Decl. ¶ 29.

28. During the January 17, 2014 visit, plaintiff also complained of bleeding from hemorrhoids. Exhibit A at 11; Oakes Decl. ¶ 30.

29. Oakes referred plaintiff for a colonoscopy. Exhibit A at 11; Oakes Decl. ¶ 31.

30. Finally, plaintiff requested that his left second toenail be removed because he said it felt ingrown. Exhibit A at 11; Oakes Decl. ¶ 32.

31. Oakes examined plaintiff's toenail and made a note to monitor the toenail. Exhibit A at 11; Oakes Decl. ¶ 33.

32. At no time during the January 17, 2014 visit did plaintiff complain about broken bones, and Oakes did not see any evidence of broken bones. Exhibit A at 11-12; Oakes Decl. ¶ 34.

33. If Oakes had seen any evidence that plaintiff had broken bones, Oakes would have noted it in the ambulatory health record. Oakes Decl. ¶ 35.

34. There is no evidence in the medical records that plaintiff complained about broken bones at any time from December 1, 2013 to March 6, 2014. Exhibit A at 1-23; Oakes Decl. ¶ 36.

35. In response to plaintiff's complaints of hand and finger joint pain, x-rays were performed on November 13, 2013, while plaintiff was housed at Southport Correctional Facility. Exhibit A at 24-27; Oakes Decl. ¶¶ 37, 39.

36. The x-rays showed evidence that plaintiff may have had a fracture in the past, but the x-rays did not show any current fractures. Oakes Decl. ¶ 38.

37. The impression of the x-rays was: "No acute fracture or dislocation. Old ulnar styloid fracture. Mild degenerative changes." Exhibit A at 25; Oakes Decl. ¶ 40.

38. It was also noted that the x-ray of plaintiff's sacroiliac joints was normal. Exhibit A at 27; Oakes Decl. ¶ 41.

39. Oakes never ignored any of plaintiff's medical complaints. Oakes Decl. ¶ 42.

40. Oakes never denied plaintiff medical treatment in any way or at any time. Oakes Decl. ¶ 43.

41. Oakes only tried to accommodate and treat plaintiff's medical issues and complaints. Oakes Decl. ¶ 44.

42. Defendant respectfully submits that he and the rest of the medical staff at Southport properly addressed Mr. Gerbrick's medical needs, and accordingly defendant requests that the complaint be dismissed.

## STANDARDS OF LAW

### Summary Judgment Standard

Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "While the absence of any genuine dispute of material fact is a precondition for summary judgment, the crux of a summary judgment analysis is whether the movant has established entitlement to judgment as a matter of law." 11-56 MOORE'S FEDERAL PRACTICE - Civil § 56.20 (Matthew Bender 2014). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir.1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)), *cert. denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. Anderson, 477 U.S. at 249. "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment

motion are not 'genuine' issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party ." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993).

The parties may only carry their respective burdens by producing evidentiary proof in admissible form. Fed. R. Civ. P. 56(c)(1)(B). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Moreover, since Plaintiff is proceeding pro se, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

### *Deliberate Indifference to a Serious Medical Need*

In *Ross v. Kelly,* 784 F. Supp. 35, 43 (W.D.N.Y.1992), *affirmed* 970 F.2d 896 (2d Cir.1992), *cert. denied* 506 U.S. 1040, 113 S. Ct. 828, 121 L.Ed.2d 698 (1992), the court held:

> To establish an Eighth Amendment violation based on the alleged inadequacy of prison medical treatment or the withholding of essential health care, plaintiff must prove that the defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." Recently, the Supreme Court held that the deliberate indifference standard includes both an objective and a subjective component. As to the former—the objective component, a court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the latter, a court must consider whether the deprivation was brought about by the defendants in wanton disregard of those rights. To establish deliberate indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. (Citations omitted).

The court went on to state that:

> A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind" or "incompatible with the evolving standards of decency that mark the progress of a maturing society." *Id.* at 44 (Citations omitted).

The deliberate indifference standard has an objective prong and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir.1994). This standard contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Id.* Second, the charged official must act with a sufficiently culpable state of mind, i.e. more than negligence but less than conduct undertaken for the very purpose of causing harm. *Id.* A prison official acts with deliberate indifference where he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

## ANALYSIS

The uncontradicted facts conclusively show that Dr. Oakes is entitled to summary judgment. Not only is there a lack of evidence that Gerbrick complained of, or indeed suffered from, any broken bones while at Southport Correctional Facility in December of 2013, or January of this year. Moreover, contradicting Gerbrick's allegation in the amended complaint is Dr. Oakes' statement that he did not see, examine or treat Gerbrick for any medical complaints during the month of December 2013. Because of the

lack of evidentiary proof in admissible form, Dr. Oakes has demonstrated that he is entitled to summary judgment.

## CONCLUSION

For the reasons stated above, the Court grants Dr. Ben Oakes' motion for summary judgment, ECF No. 12. The Clerk is directed to enter judgment for Dr. Oakes and terminate the case.

IT IS SO ORDERED.

Dated:  November 12, 2014
        Rochester, New York          /s/ Charles J. Siragusa
                                      CHARLES J. SIRAGUSA
                                      United States District Judge